Filed 8/5/25  P. v. Jace CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B337672 |
| Plaintiff and Respondent, | Los Angeles County |
| v. | Super. Ct. No. XCNBA424932 |
| MICHAEL ANDREW JACE, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, H. Clay Jacke II, Judge.  Affirmed.

Michael Andrew Jace, in pro. per.; Allen G. Weinberg, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), we review this appeal of an order denying a petition for resentencing under Penal Code section 1172.6.[1]  We affirm.

**BACKGROUND**[2]

On May 19, 2014, Michael Andrew Jace shot and killed his wife April.  Their sons, then ages eight and five, were in the home at the time.  The eight-year-old testified at trial that he saw Jace pull April by her arm into the hallway, where she fell to the floor.  The child continued, " 'And then my dad said, "If you like running,[3] then run to heaven."  And then he shot her.' "  April died of multiple gunshot wounds.  One bullet entered her middle back and came out on the right side of her chest.  (*Jace I*.)

The People charged Jace with April's murder.  The People also alleged Jace had personally discharged a firearm causing April's death.  A jury convicted Jace of second degree murder and found the firearm enhancement allegation true.  The trial court sentenced Jace to 40 years to life in the state prison.  Another panel of this court affirmed Jace's conviction.  (*Jace I*.)

In October 2023, the trial court received a petition from Jace for resentencing under section 1172.6.  The petition consisted of a one-page check-the-box form.  The court appointed

---

[1]    References to statutes are to the Penal Code.

[2]    We take our procedural history and factual background from the opinion on direct appeal from Jace's conviction, *People v. Jace* (Jan. 11, 2019, B276074) [nonpub. opn.] (*Jace I*).  We summarize the facts only for context.  We do not rely on them in resolving this appeal.

[3]    April was a runner.  (*Jace I*.)

2

counsel for Jace. The prosecution filed an opposition to Jace's petition, stating he was the actual killer and therefore ineligible for relief. Jace's counsel filed a reply.

On April 24, 2024, the court conducted a hearing to determine if Jace had made a prima facie case for relief. After hearing from counsel, the court found Jace had not made the requisite prima facie showing. Accordingly, the court denied Jace's petition.

Jace appealed and we appointed counsel to represent him. After examining the record, counsel filed an opening brief raising no issues and asking this court to "exercise its discretion and review the record for any arguable issues in accord with *Delgadillo*." Counsel stated he had written to Jace "explaining [counsel's] views regarding the case and [his] filing" of the *Delgadillo* brief. Counsel also had sent Jace copies of his brief and of the clerk's and reporter's transcripts on appeal. In addition, counsel had informed Jace of his right to file a supplemental brief.

Jace filed a supplemental brief. In his brief, Jace does not deny having shot April. Nor does he make any mention of any accomplice, or of some other perpetrator. Jace asserts the jury instructions given at his trial were inadequate to explain implied malice. He also contends there "are a number of disputed facts" in his case. Jace says, "At the time the gun was being fired, appellant hadn't formed a conscious thought." He also attaches a transcript page from his interview with detectives in which he stated, "I don't know what the hell I was thinking." "I just wanted her to feel some pain."

## DISCUSSION

Senate Bill No. 1437 (2017–2018 Reg. Sess.) (SB 1437) limited the scope of the felony murder rule and eliminated the natural and probable consequences doctrine as a basis for murder liability. (*People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*).) The intent of SB 1437 is "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1(f); *Lewis*, at p. 967.) Effective January 2022, the Legislature extended resentencing eligibility to individuals convicted of murder on any "other theory under which malice is imputed to a person based solely on that person's participation in a crime." (Senate Bill No. 775 (2021–2022 Reg. Sess.); Stats. 2021, ch. 551, § 2(a).)

The amendments to the Penal Code did not invalidate murder convictions based on the theory the defendant was the actual killer or intended to kill. (Stats. 2018, ch. 1015, § 1(f); *People v. Strong* (2022) 13 Cal.5th 698, 707; *People v. Mares* (2024) 99 Cal.App.5th 1158, 1166.) And, while SB 1437 eliminated natural and probable consequences liability for second degree murder based on imputed malice, implied malice remains a valid theory of second degree murder liability. (§ 188, subd. (a); *People v. Reyes* (2023) 14 Cal.5th 981, 990–991; *People v. Gentile* (2020) 10 Cal.5th 830, 850; *People v. Vizcarra* (2022) 84 Cal.App.5th 377, 388.)

Petitions for resentencing under section 1172.6 allow defendants to seek review of convictions where the defendant was not the killer but was held vicariously liable on one of several theories of liability identified in the statute. If the

4

record establishes ineligibility for resentencing as a matter of law, the trial court may deny the petition. (*Lewis*, *supra*, 11 Cal.5th at pp. 970–972.) However, the petition and the record must establish conclusively that the defendant is ineligible for relief. (*People v. Lopez* (2022) 78 Cal.App.5th 1, 14.)

The prima facie inquiry is limited. (*Lewis*, *supra*, 11 Cal.5th at p. 971.) "It is not, however, simply duplicative of the facial inquiry." (*People v. Patton* (2025) 17 Cal.5th 549, 562.) In assessing whether a defendant has made a prima facie showing for relief under section 1172.6, the trial court is entitled to review the record of conviction, which will "necessarily inform the trial court's prima facie inquiry under section [1172.6], allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Lewis*, at pp. 971–972. See *Patton,* at p. 563 ["after the appointment of counsel, a court looks beyond the face of the petition"]; *People v. Williams* (2022) 86 Cal.App.5th 1244, 1251.) "Conclusory allegations, such as the checkbox ones offered here, are particularly subject to refutation by the record of conviction." (*Patton*, at p. 564.)

In *Delgadillo*, our Supreme Court clarified the procedures required in an appeal from the denial of a section 1172.6 petition where counsel finds no arguable issues: (1) "counsel should file a brief informing the court of that determination, including a concise recitation of the facts bearing on the denial of the petition"; and (2) the defendant should be notified of his right to file a supplemental brief. (*Delgadillo*, *supra*, 14 Cal.5th at pp. 231–232.) If the defendant then files a supplemental brief, "the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion. The filing of a supplemental brief . . . does not compel an

5

independent review of the entire record to identify unraised issues." (*Id*. at p. 232 [it is "wholly within the court's discretion" whether to conduct an independent review of the entire record].)

Our standard of review is de novo. (*People v. Beaudreaux* (2024) 100 Cal.App.5th 1227, 1238.)

Nowhere in the record has Jace denied having killed April. Nothing in the record of conviction suggests there was any other perpetrator. The People charged Jace as the sole and actual killer and the record contains no allegations of accomplice liability. In short, the record of conviction establishes Jace is not entitled to relief as a matter of law. (See, e.g., *People v. Bodely* (2023) 95 Cal.App.5th 1193, 1201–1204; *People v. Harden* (2022) 81 Cal.App.5th 45, 53–55. Cf. *Delgadillo*, *supra*, 14 Cal.5th at p. 233 [defendant not entitled to resentencing because he "was the actual killer and the only participant in the killing"].) Accordingly, the trial court correctly ruled Jace did not establish a prima facie case for relief. (See *Lewis*, *supra*, 11 Cal.5th at pp. 970–971.)

## DISPOSITION

We affirm the order denying Michael Andrew Jace's petition for resentencing.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EGERTON, J.

We concur:

EDMON, P. J.

ADAMS, J.